IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

AUTOTECH TECHNOLOGIES, LP,              )
an Illinois Limited Partnerships, and    )
VIKRAM KUMAR, an Individual              )
                                         )
         Plaintiff,                      )
                                         )
    vs.                                  )        Case No:
                                         )
PATRICK J. MCDONNELL, an Individual,     )
and MCDONNELL & ASSOCIATES, P.C.,        )
a Pennsylvania Professional Corporation, )
and Wal-Mart, Inc.,                      )
                                         )
         Defendants.                     )

## COMPLAINT AT LAW AND JURY DEMAND

NOW COME the Plaintiffs, AUTOTECH TECHNOLOGIES, LP ("ATLP"), and

VIKRAM KUMAR ("Kumar") (collectively referred to herein as "Plaintiffs"), by and through

their attorneys, Stephen Fieweger, P.C. and they complain of Defendants PATRICK J.

MCDONNELL ("McDonnell"), MCDONNELL & ASSOCIATES, P.C. ("MAPC"), and

Walmart, Inc. as follows:

## INTRODUCTION

This matter arises out of egregious and inappropriate defamatory conduct committed by

the Defendants in their pursuit of defense in another matter completely unrelated to Plaintiffs

herein.  Specifically, Defendants herein are the Defendant Walmart, Inc. and some of their

attorneys in a slip and fall matter currently pending in federal court in Iowa ("Walmart Matter").[1]

In the Walmart Matter, the plaintiff there brought suit against defendant Walmart, Inc. for

---

[1] *See Nsheiwat v. Walmart, Inc., 3:20-cv-00064-RP-HCA.  This case remains pending in the Southern District of Iowa, Davenport Division.*

injuries she sustained when she slipped and fell on a hanger left in the cart corral of a Walmart parking lot located in Iowa. ***Of particular note, neither of the Plaintiffs herein are parties to that matter.*** Walmart Plaintiff and her company EMS LLC was one of many contractors of ATLP. In fact, the Plaintiffs herein had no knowledge or relationship with the Defendants until the Walmart Matter arose and until the defamatory conduct complained of herein occurred.

In connection with the Walmart Matter, Defendants here engaged in defamatory conduct comprised of vicious, ruthless and utterly false written and oral statements against the Plaintiffs in a seemingly attempt to advance its defenses in the Walmart Matter and to discredit the plaintiff there. With knowledge of the falsity of their comments, Defendants with sheer speculation, manufactured some facts and made numerous false and damaging statements as outlined herein. The statements fall within claims for defamation per se. Indeed, the statements made and published by the Defendants sought to imply that Plaintiffs were engaged in various forms of criminal conduct. The statements have no basis in reality and are totally false. For the reasons that follow, Plaintiffs seek compensatory damages, punitive damages, and any and all other relief to which they may be entitled to as a matter of law.

## **PARTIES**

1.      Plaintiff ATLP is an Illinois limited partnership with its principal place of business in Carol Stream, Illinois. For the purposes of this matter, ATLP is an Illinois citizen. ATLP also operates a plant in Bettendorf, Iowa. ATLP is sometimes also referred to as AVG ("AVG"). ATLP manufactures electronic products in Illinois and Iowa, and sells them throughout the world.

2.      Plaintiff Vikram Kumar is an individual and serves as the President of ATLP. Kumar resides in Chicago, Illinois. Kumar is an Illinois citizen. He is also President of various social welfare organizations headquartered in Illinois that are active in the entire United States

as well as the world.

3. Defendant McDonnell is an individual who resides in Pennsylvania. McDonnell purports to be an attorney licensed to practice law in Pennsylvania, New Jersey, and other jurisdictions. Upon information and belief, McDonnell is a citizen of Pennsylvania.

4. Defendant MAPC is a Pennsylvania Professional Corporation. MAPC is owned and operated by Defendant McDonnell and purports to provide legal services to clients in Pennsylvania and Southern New Jersey. At all times relevant hereto, Defendant McDonnell was operating on behalf of MAPC in its representation of Walmart, Inc. MAPC is a citizen of Pennsylvania.

5. Walmart, Inc. is a foreign corporation whose principal place of business is Arkansas and operates multiple stores including its Davenport Store in state of Iowa.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court because the Defendants' acts targeted the Plaintiffs in the state of Iowa.

7. This Court may exercise personal jurisdiction over the Defendants because they engaged in and directed defamatory conduct toward the Plaintiffs in this jurisdiction sufficient for this Court to exercise specific personal jurisdiction over them.

8. Defendants knew at all times relevant hereto that Plaintiffs are and were citizens of Illinois, that ATLP was headquartered in Illinois, and that Kumar resides in Illinois.

9. The Defendants' conduct complained about herein was intentional and was done with knowledge that the effects of their conduct would be felt in the states of Illinois, Iowa, the entire USA and the world.

10. The Defendants knew that their wrongful conduct would lead to harm to

Plaintiffs all around the world.

11.     Indeed, the Defendants, in order to intimidate Plaintiffs from telling the truth in the Walmart matter in support of Walmart plaintiff, directed their conduct toward the Plaintiffs in this jurisdiction by making and publishing false comments concerning the Plaintiffs to third parties, all of which were designed to injure the reputation of Plaintiffs in their home state of Illinois, across the entire United States and the world.

12.     The Defendants engaged in intentional conduct with actual malice that has harmed the Plaintiffs.

13.     The Plaintiffs have been injured by the Defendants' conduct and have suffered damages resulting therefrom.

## FACTUAL BACKGROUND

14.     Ms. Raya Nsheiwat ("Walmart Plaintiff") brought suit against Walmart, Inc. on July 6, 2020 in the District Court of Scott County, Iowa.  The matter was subsequently removed to federal court in Davenport, Iowa.

15.     In the Walmart Matter, the Walmart Plaintiff alleges that she sustained injuries on July 9, 2018 when she visited a Walmart store located in Davenport, Iowa and slipped and fell on a hanger which Walmart caused to be left on the ground of its parking lot near the shopping cart corral.

16.     Plaintiff Kumar is the President and CEO of ATLP, a company that designs and produces high-tech automated industrial control electronic products.

17.     The Walmart Plaintiff was at one time a key employee of ATLP.

18.     Subsequent to the Walmart Plaintiff's employment with ATLP, the Walmart Plaintiff established her own company known as Electronic Manufacturing

Services, LLC ("EMS").

19.    ATLP and EMS entered into an agreement which provided compensation to the Walmart Plaintiff in exchange for providing Design for Manufacturing expertise and manufacturing services to ATLP.

20.    EMS, at all relevant times, was an independent company owned and operated by the Walmart Plaintiff and possessing its own Federal Employer Identification Number and filing its own tax returns.

21.    Prior to the allegations contained herein and prior to references to them in the Walmart Matter, Plaintiffs did not know, nor did they have any relationship with, Defendants McDonnell and MAPC, and Walmart Inc.

## DEFENDANTS' WRONGFUL CONDUCT

22.    In pursuit of their defense of Walmart, Inc. in the Walmart matter, Defendants made it their mission to attempt to prevail by any means necessary, including engaging in high octane Nazi like propaganda including making wrongful and false statements about Plaintiffs to mislead the court and other third parties.

23.    On March 13, 2023, Defendants filed its Motion to Compel Accountant Bill Barker's Compliance with a Subpoena.  *See Exhibit A.*

24.    In its March 13, 2023 public filing, Defendants published: "The evidence produced so far suggests that Plaintiff's played a passive role; and simply was the nominal head of a shell company to shield AVG from potential liabilities, including tax, immigration, employment, and workplace practices violations."  *Id. at pg. 3.*

25.    On March 23, 2023, Defendants filed another Motion for Sanctions and to Compel Depositions and Discovery Compliance.  *See Exhibit B (exhibits to this omitted).*

5

26. In its March 23, 2023 public filing, Defendants published: "Based on information provided by the Plaintiff to date, Walmart's theory is that the Plaintiff's ownership of EMS and the other companies is nothing more than a shell extension of the Kumar family enterprise." *Id. at pg. 5.*

27. In addition to the written statements published by Defendants above, Defendants additionally made several defamatory statements orally about the Plaintiffs.

28. In the Walmart Matter, the US District Court for the Southern District of Iowa scheduled a status hearing to occur on May 16, 2023, transcript of which is available to public.

29. At the May 16, 2023 status hearing in the Walmart Matter, the court inquired as to why the Defendants needed information they sought to subpoena from third parties.

30. In response, Defendants proceeded to assert a series of false material misrepresentations to justify their need to subpoena payroll provider ADP as well as the accountant for Plaintiffs.

31. Specifically, Defendants made the following false misrepresentations about Plaintiffs:

- Suggesting in open court that Plaintiff Kumar has set up separate businesses to evade tax liabilities and employ people from outside of the United States illegally. Specifically, Defendant McDonnell stated "[I]t looks like what's happening here is there's Mr. Kumar or whoever is running the main business appears to have set up a separate business to create distance for purposes of – for tax purposes or for employment of people who are from outside the United States." Defendant McDonnell additionally stated that "[t]he evidence produced so far suggests that

Plaintiff played a passive role; and simply was the nominal head of a shell company to shield AVG from potential liabilities, including tax, immigration, employment, and workplace practices violations."

•    Defendants stated in open court that Kumar and ATLP have set up a "shell company" to evade tax liabilities.  Specifically, Defendant McDonnell stated "So every time we try to get to the real issues which is okay, we see you've created these two – this – what we view is kind of a shell company to absorb this liability and perhaps transfer this asset, but you haven't given us anything of substance." Defendant McDonnell additionally stated that "We've gotten a lot of documents that tell me that the Kumars have very good lawyers and very good accountants to structure their affairs and at least transfer what we think is a significant liability onto this shell company that if the government had to come in and say why aren't their taxes paid? What about the immigration status?"  Finally, Defendant McDonnell stated "But yeah, there's a bunch of shell companies that are set up in there. And I forget off the top of my head what the plaintiff's company is. AVG, I think, is the plaintiff's company."

32.    All of the above statements are categorically false.

33.    All of the above statements imply false wrongdoing by the Plaintiffs, including criminal conduct, immigration fraud, and improper business practices.

34.    The statements made by the Defendants imply wrongdoing by the Plaintiffs in connection with their profession, attack their character which is peculiarly valuable in the Plaintiffs' business or reputation.

35.    The statements made by the Defendants affect Plaintiff Kumar in his trade, his business and his standing in the community as these statements attack Plaintiff Kumar's integrity and moral character.

36.    ATLP is a highly successful business that has operated for over 50 years and designs and produces high-tech automated industrial control products for, amongst other companies, Fortune 500 companies.  ATLP's business is largely dependent on the manner in which it efficiently designs and manufactures circuit boards and runs its business.  Given the fact that many of ATLP's domestic competitors have gone out of business, the reputation of ATLP is of utmost importance to its existence and continued success. ATLP is one of the very few companies left in the US that manufactures its products in the United States of America.

37.    Among many of charitable and public policy organizations supported by AVG and Kumar, Kumar is also President of a social welfare 501C(4) organization called Republican Hindu Coalition with operations throughout the United States and the entire world. AVG's and Kumar's reputation is extremely important to the existence and continued success of these social welfare entities.

38.    Neither ATLP nor Kumar have ever been investigated for tax avoidance.

39.    Neither ATLP nor Kumar have ever been accused of engaging in hiring illegal immigrants or engaging in immigration fraud.

40.    Neither ATLP nor Kumar have been ever accused of operating shell companies for the purposes of engaging in improper employment practices or usurping tax liabilities. To the contrary, ATLP's founder Shalabh Kumar was celebrated as the Most Outstanding Citizen of Chicago in 1980 and chosen as Entrepreneur of the Year in 1998. ATLP holds more than a dozen patents.

41.    Defendants' statements were made with a complete and reckless disregard of the truth and for the sole purposes of intimidating potential witnesses in support of Walmart plaintiff and gaining a litigation advantage in the Walmart Matter.

42.    The false statements made by the Defendants were made in open court and/or in court filings, both forums that are available to the general public.

### *KNOWLEDGE OF FALSE NATURE OF STATEMENTS*

43.    Defendants' statements were made despite  receiving proof of the false nature of the same.

44.    Hundreds of pages of documents were exchanged between the parties through discovery and other processes in connection with the Walmart Matter.

45.    Defendants made statements regarding Plaintiffs allegedly being engaged in illegal employment practices and accused the Walmart Plaintiff of not having "real employees" and instead using the Walmart Plaintiff's company, EMS, to shield Plaintiffs from liability for tax, immigration, employment and workplace violations.

46.    The Walmart Plaintiff in the Walmart Matter produced the Walmart Plaintiff's 941 quarterly filings which demonstrate that the Walmart Plaintiff's company made payroll tax payments for its employees through its payroll provider ADP.  This removes any notion that the Plaintiffs were using the Walmart Plaintiff's business to employ illegally-hired employees.

47.    Defendants failed to stop making false statements about alleged illegal employment practices despite their knowledge that such representations were without merit.

48.    Defendants claim that Plaintiff Kumar was the Walmart Plaintiff's business partner was totally false.

49.     During the litigation, which remains pending and up for Appeal to the Eighth Circuit Court of Appeals, the Walmart Plaintiff provided records to the Defendants which established that Plaintiff Kumar was the corporate president of ATLP and that the relationship between ATLP and the Walmart Plaintiff's entity was through a written contract.

50.     Defendants have repeatedly stated that the Plaintiffs were engaged in a scheme in which they set up "shell companies" to evade tax, employment and immigration laws.

51.     Through the Walmart Matter, testimony and evidence was provided to Defendants which definitively demonstrated the false nature of their statements.

52.     As a result of the produced documents and evidence in the Walmart Matter, Defendants knew or should have known that their comments about Plaintiffs here were false.

### *OPPORTUNITIES TO CURE AND AVOID LITIGATION*

53.     In an effort to resolve the issues surrounding Defendants' defamatory conduct, Plaintiffs provided opportunities to Defendants to cure their violations and to avoid litigation.

54.     Subsequent to the May 16, 2023 status hearing wherein the Defendants made false representations as outlined herein, counsel for the Walmart Plaintiff filed a Memorandum in Support of Third Party's Motion to Reconsider ("Memorandum").  *See Exhibit C*.

55.     In the Memorandum, the Walmart Plaintiff's attorney outlines Defendants' defamatory conduct, invites the Defendants to produce evidence justifying and supporting their comments, and providing the Defendants an opportunity to retract the same.  *Id*.

56.     Unfortunately, Defendants failed to take any action in response to the Walmart Plaintiff's Memorandum and produced no evidence justifying and supporting their comments.

57.     Thereafter, on October 16, 2023, counsel for Plaintiffs here sent a letter to Defendants.  *See Exhibit D*.

58.     In the letter to Defendants, Plaintiffs' counsel outlined Defendants' defamatory conduct and requested that the Defendants cease and desist from further defamatory conduct and cause to be sealed any and all documents containing defamatory statements about the Plaintiffs.  *Id*.

59.     In response to the letter, Defendants failed to take any action whatsoever.

## *PUBLIC PERCEPTION*

60.     Defendants' statements were false and defamatory about the Plaintiffs.

61.     The statements made by Defendants explicitly or implicitly imply that the Plaintiffs have engaged in criminal conduct.

62.     The loud statements made by the Defendants were made with such vigor that any third party would reasonably believe the statements to be true, including public in general and the Judges in the Walmart matter.

63.     Any individual or entity hearing or reading the false statements made by Defendants would reasonably believe that Plaintiffs were engaged in tax fraud, immigration fraud, and improper business practices.

## *INTENT AND ACTUAL MALICE*

64.     The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to harm the Plaintiffs and gain an advantage, albeit improperly, in the Walmart Matter.

65.     Defendants knowingly or recklessly published the false statements they knew to be their sheer concoction.

66.    All of the statements made by the Defendants are capable of being taken as defamatory.

## COUNT I – DEFAMATION PER SE – LIBEL
## Sham Shell Company Written Statements

67.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 67.

68.    On March 13, 2023, and March 23, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, various documents.  *See Exhibits A and B*.

69.    In their filings, Defendants published statements in which they accuse Plaintiffs to be engaged in a practice of creating sham shell companies to allegedly shield themselves from liabilities to the government.

70.    The statements published by Defendants in writing are wholly false.

71.    The Plaintiffs have never been or held a shell company to usurp liabilities to government or for any other reason.

72.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

73.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

74.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

75.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

76.    Defendants presented their written statements as statements of fact.

77.     Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

78.     Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

79.     Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

80.     Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

81.     Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

82.     As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

83.     Defendants' written statements constitute libel *per se* because the statements impute the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT II – DEFAMATION PER SE – LIBEL
### Tax Fraud Written Statements

84.     Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 84.

85.     On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, various documents. *See Exhibit A.*

86.     In their filings, Defendants published in written form statements about Plaintiffs in which they accuse Plaintiffs of being engaged in running personal expenses through a business constituting tax fraud and creating shell companies to avoid tax liabilities.

87.     The statements published by Defendants in writing are wholly false.

88.     The Plaintiffs have never engaged in tax fraud or any other scheme or attempt to create shell companies for the purposes of avoiding tax liabilities.

89.     Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

90.     Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

91.     Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

92.     Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

93.     Defendants presented their written statements as statements of fact.

94.     Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

95.     Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

96.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties to the Walmart matter.

97.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

98.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

99.    As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

100.    Defendants' written statements constitute libel *per se* because the statements impute the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per se* and for any and all other relief this Court deems just and proper under the circumstances.

### COUNT III – DEFAMATION PER SE – LIBEL
### Immigration Fraud Written Statements

101.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 101.

102.    On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, a court filing titled Defendant Walmart Inc.'s Motion to Compel Bill Barker's Compliance with Subpoena in the Walmart Matter. *See Exhibit A.*

15

103.    In its filing, Defendants published in written form a statement which accused Plaintiffs of engaging in immigration fraud.

104.    The statements published by Defendants in writing are wholly false.

105.    Plaintiffs have never had or created a shell company to shield it from potential liabilities.

106.    Plaintiffs have never had or created a shell company to shield them from immigration matters.

107.    Plaintiffs have never engaged in any improper conduct concerning immigration and have never been accused or investigated for the same.

108.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

109.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

110.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

111.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

112.    Defendants presented their written statements as statements of fact.

113.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

114.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

115. Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

116. Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

117. Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

118. As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

119. Defendants' written statements constitute libel per se because the statements impute the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT IV – DEFAMATION PER SE – LIBEL
### Workplace and Employment Violations Written Statements

120. Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 120.

121. On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, a court filing titled Defendant Walmart Inc.'s Motion to Compel Bill Barker's Compliance with Subpoena in the Walmart Matter. *See Exhibit A.*

122.    In its filing, Defendants published in written form statements that accused Plaintiffs of engaging in workplace and employment violations.

123.    The statements published by Defendants in writing are wholly false.

124.    Plaintiffs have never had issues with its workplace and have never had or been accused of any workplace violations.

125.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

126.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

127.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

128.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

129.    Defendants presented their written statements as statements of fact.

130.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

131.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

132.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

133.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

18

134.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

135.    As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

136.    Defendants' written statements constitute libel *per se* because the statements impute the commission of a crime by Plaintiffs and attack and impugn Plaintiffs in their profession.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT V – DEFAMATION PER SE – SLANDER
### Shell Company Spoken Statements

137.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 137.

138.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of having and opening shell companies to shield themselves from liabilities. Transcript of this proceeding is available to public.

139.    The Plaintiffs have never set up a separate business or a shell company to shield themselves from liabilities to government.

140.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

141.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

142.    The Defendants presented the spoken statements as statements of fact.

143.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

144.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

145.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

146.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

147.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

148.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

149.    The foregoing conduct constitutes defamation *per se* because it imputes the commission of crimes by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT VI – DEFAMATION PER SE – SLANDER
## Tax Fraud Spoken Statements

150.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 150.

151.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in tax fraud and a scheme to avoid tax liabilities through the creation of shell companies. Transcript of this proceeding is available to public.

152.    The Plaintiffs have never set up a shell company to avoid tax liabilities and have never engaged in any form of tax fraud.

153.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

154.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

155.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

156.    The Defendants presented the spoken statements as statements of fact.

157.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

158.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

159.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

160.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

161.    When Defendants made the spoken statements, they did so with knowledge that the statement was false.

162.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

163.    The foregoing conduct constitutes slander *per se* because it imputes the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT VII – DEFAMATION PER SE – SLANDER
### Immigration Fraud Spoken Statements

164.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 164.

165.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in immigration fraud by creating alleged shell companies. Transcript of this proceeding is available to public.

166.    The Plaintiffs have never set up a shell company to engage in immigration fraud.

167.    The Plaintiffs have never engaged in or been accused of engaging in any practice that would be violative of immigration laws.

168.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

169.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

170.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being defamatory.

171.    The Defendants presented the spoken statements as statements of fact.

172.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

173.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

174.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

175.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

176.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

177.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

178.    The foregoing conduct constitutes slander *per se* because it imputes the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per se* and for any and all other relief this Court deems just and proper under the circumstances.

### COUNT VIII – DEFMATION PER SE - SLANDER
### Workplace and Employment Violations Spoken Statements

179.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 179.

180.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in various workplace and employment violations. Transcript of this proceeding is available to public.

181.    The Plaintiffs have never violated any workplace or employment laws and have never been accused or investigated for the same.

182.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct and conduct in violation of established laws.

183.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

184.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

185.    The Defendants presented the spoken statements as statements of fact.

186.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

187.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

188.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

189.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

190.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

191.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

192.    The foregoing conduct constitutes slander *per se* because it imputes the commission of a crime by Plaintiffs.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per se* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT IX – DEFAMATION PER QUOD – LIBEL
### Sham Shell Company Written Statements

193.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 193.

194.    On March 13, 2023, and March 23, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, various documents. *See Exhibits A, B*.

195.    In their filings, Defendants published statements in which they accuse Plaintiffs to be engaged in a practice of creating sham shell companies to allegedly shield themselves from liabilities.

196.    The statements published by Defendants in writing are wholly false.

197.    The Plaintiffs have never been or held a shell company to usurp liabilities or for any other reason.

198.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

199.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

200.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

201.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

202.    Defendants presented their written statements as statements of fact.

203.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

204.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

205.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

206.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

207.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

208.    As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT X – DEFAMATION PER QUOD – LIBEL
### Tax Fraud Written Statements

209.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 209.

210.    On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, various documents.  *See Exhibit A.*

211.    In their filings, Defendants published in written form statements about Plaintiffs in which they accuse Plaintiffs of being engaged in running personal expenses through a business constituting tax fraud and creating shell companies to avoid tax liabilities.

212.    The statements published by Defendants in writing are wholly false.

213.    The Plaintiffs have never engaged in tax fraud or any other scheme or attempt to create shell companies for the purposes of avoiding tax liabilities.

27

214.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

215.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

216.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

217.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

218.    Defendants presented their written statements as statements of fact.

219.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

220.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

221.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

222.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

223.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

224.     As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

**COUNT XI – DEFAMATION PER QUOD – LIBEL**
**Immigration Fraud Written Statements**

225.     Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 225.

226.     On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, a court filing titled Defendant Walmart Inc.'s Motion to Compel Bill Barker's Compliance with Subpoena in the Walmart Matter. *See Exhibit A.*

227.     In its filing, Defendants published in written form a statement which accused Plaintiffs of engaging in immigration fraud.

228.     The statements published by Defendants in writing are wholly false.

229.     Plaintiffs have never had or created a shell company to shield it from potential liabilities to government.

230.     Plaintiffs have never had or created a shell company to shield them from immigration matters.

231.     Plaintiffs have never engaged in any improper conduct concerning immigration and have never been accused or investigated for the same.

232.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

233.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

234.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

235.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

236.    Defendants presented their written statements as statements of fact.

237.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

238.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

239.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

240.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

241.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

242.    As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT XII – DEFAMATION PER QUOD – LIBEL
### Workplace and Employment Violations Written Statements

243.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 243.

244.    On March 13, 2023, Defendants caused to be filed with the US District Court for the Southern District of Iowa, Davenport Division, a court filing titled Defendant Walmart Inc.'s Motion to Compel Bill Barker's Compliance with Subpoena in the Walmart Matter. *See Exhibit A*.

245.    In its filing, Defendants published in written form statements that accused Plaintiffs of engaging in workplace and employment violations.

246.    The statements published by Defendants in writing are wholly false.

247.    Plaintiffs have never had issues with its workplace and have never had or been accused of any workplace violations.

248.    Defendants' written statements falsely impute that Plaintiffs are engaged in criminal conduct and unethical business practices.

249.    Defendants' written statements were made or published in a manner that third parties could hear or read the statements.

250.    Defendants' written statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

251.    Defendants' written statements were published by Defendants in court documents available and accessible to the general public.

252.    Defendants presented their written statements as statements of fact.

253.    Defendants' written statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

254.    Defendants' written statements constituted an unprivileged publication of the defamatory statements to third parties.

255.    Defendants cannot claim any privilege in justifying their written statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

256.    Defendants made the written statements with actual malice and with knowledge of the falsity of the statements.

257.    Defendants maliciously published the false and defamatory statements attempting to gain a litigation advantage and for the purposes of misleading the general public that the Plaintiffs are engaged in wrongdoing and criminal conduct.

258.    As a result of Defendants' conduct and their publication of the written statements, Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' libel *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT XIII – DEFAMATION PER QUOD – SLANDER
### Shell Company Spoken Statements

259.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 259.

260.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of having and opening shell companies to shield themselves from liabilities. Transcript of this proceeding is available to public.

261.    The Plaintiffs have never set up a separate business or a shell company to shield themselves from liabilities.

262.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

263.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

264.    The Defendants presented the spoken statements as statements of fact.

265.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

266.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

267.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

268.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

269.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

270.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT XIV – DEFAMATION PER QUOD – SLANDER
### Tax Fraud Spoken Statements

271.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 271.

272.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in tax fraud and a scheme to avoid tax liabilities through the creation of shell companies. Transcript of this proceeding is available to public.

273.    The Plaintiffs have never set up a shell company to avoid tax liabilities and have never engaged in any form of tax fraud.

274.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

275.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

276.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being defamatory.

277.    The Defendants presented the spoken statements as statements of fact.

278.     Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

279.     The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

280.     Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

281.     The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

282.     When Defendants made the spoken statements, they did so with knowledge that the statement was false.

283.     As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

### COUNT XV – DEFAMATION PER QUOD – SLANDER
### Immigration Fraud Spoken Statements

284.     Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 284.

285.     On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in immigration fraud by creating alleged shell companies.

286.    The Plaintiffs have never set up a shell company to engage in immigration fraud. Transcript of this proceeding is available to public.

287.    The Plaintiffs have never engaged in or been accused of engaging in any practice that would be violative of immigration laws.

288.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct.

289.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

290.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

291.    The Defendants presented the spoken statements as statements of fact.

292.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

293.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

294.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

295.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

296.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

297.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

### COUNT XVI – DEFMATION PER QUOD - SLANDER
### Workplace and Employment Violations Spoken Statements

298.    Plaintiffs reallege Paragraphs 1 through 66 as though fully set forth herein as Paragraph 298.

299.    On May 16, 2023, Defendants made in open court various statements about Plaintiffs accusing Plaintiffs of engaging in various workplace and employment violations. Transcript of this proceeding is available to public.

300.    The Plaintiffs have never violated any workplace or employment laws and have never been accused or investigated for the same.

301.    The spoken statements falsely impute that Plaintiffs are engaged in criminal conduct and conduct in violation of established laws.

302.    The spoken statements were made or published in a manner that third parties could hear or read the statement.

303.    The spoken statements were made or published in a manner that the communications could be understood by a recipient as being true and thus defamatory.

304.    The Defendants presented the spoken statements as statements of fact.

305.    Defendants' spoken statements represent the publication of defamatory statements regarding Plaintiffs that are blatantly false.

306.    The spoken statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

307.    Defendants cannot claim any privilege in justifying their spoken statements because no absolute or qualifying privilege applies to excuse Defendants' conduct as Plaintiffs are not parties in the Walmart matter.

308.    The Defendants made the spoken statements with actual malice knowing the falsity of the statements.

309.    When Defendants made the spoken statements, they did so with knowledge that the statements were false.

310.    As a result of the Defendants' conduct and the publication of the spoken statements, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

WHEREFORE, Plaintiffs herein seek an award of compensatory and punitive damages arising from Defendants' slander *per quod* and for any and all other relief this Court deems just and proper under the circumstances.

### COUNT XVII – FALSE LIGHT
### Sham Shell Company Written Statement

311.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 311.

312.    The Defendants caused the written statements to be published.

313.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

314.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

315.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

316.    The statements made by Defendants were misleading and false.

317.    The statements made by Defendants were published in a manner accessible and available to the general public.

318.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

319.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

## COUNT XVIII – FALSE LIGHT
### Tax Fraud Written Statements

320.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 320.

321.    The Defendants caused the written statements to be published.

322.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

323.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

324.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

325.    The statements made by Defendants were misleading and false.

326.    The statements made by Defendants were published in a manner accessible and available to the general public.

327.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

328.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

## COUNT XVIX – FALSE LIGHT
### Immigration Fraud Written Statements

329.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 329.

330.    The Defendants caused the written statements to be published.

331.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

332.    Any reasonable person in Plaintiffs' shoes would find the false statements to

be highly offensive and embarrassing because they imply that Plaintiffs are engaged in

criminal conduct.

333.    Defendants' publications were made with reckless disregard for the truth of the

statements and for the statements' offensiveness.

334.    The statements made by Defendants were misleading and false.

335.    The statements made by Defendants were published in a manner accessible

and available to the general public.

336.    Plaintiffs have sustained damages as a result of Defendants' publications

including, but not limited to, harmed reputation and harmed standing in the community.

337.    Defendants' statements result in third parties having misleading impressions

about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and

punitive damages arising from the Defendants' false light and any and all other relief

this Court deems just and proper under the circumstances.

## COUNT XX – FALSE LIGHT
## Workplace and Employment Violations Written Statements

338.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as

Paragraph 338.

339.    The Defendants caused the written statements to be published.

340.    Defendants' publications portray Plaintiffs in a false and misleading light

because the statements impute criminal conduct on the part of Plaintiffs and because such

statements were made by Defendants knowing they were false.

41

341.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

342.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

343.    The statements made by Defendants were misleading and false.

344.    The statements made by Defendants were published in a manner accessible and available to the general public.

345.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

346.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

## COUNT XXI – FALSE LIGHT
### Shell Company Spoken Statements

347.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 347.

348.    The Defendants caused the spoken statements to be published.

349.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

350.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

351.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

352.    The statements made by Defendants were misleading and false.

353.    The statements made by Defendants were published in a manner accessible and available to the general public.

354.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

355.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

### COUNT XXII – FALSE LIGHT
### Tax Fraud Spoken Statements

356.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 356.

357.    The Defendants caused the spoken statements to be published.

358.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

359.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

360.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

361.    The statements made by Defendants were misleading and false.

362.    The statements made by Defendants were published in a manner accessible and available to the general public.

363.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

364.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

## COUNT XXIII – FALSE LIGHT
## Immigration Fraud Spoken Statements

365.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 365.

366.    The Defendants caused the spoken statements to be published.

367.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

368.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

369.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

370.    The statements made by Defendants were misleading and false.

371.    The statements made by Defendants were published in a manner accessible and available to the general public.

372.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

373.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

## COUNT XXIV – FALSE LIGHT
### Workplace and Employment Violations Spoken Statements

374.    Plaintiffs reallege Paragraphs 1 through 310 as though fully set forth herein as Paragraph 374.

375.    The Defendants caused the spoken statements to be published.

376.    Defendants' publications portray Plaintiffs in a false and misleading light because the statements impute criminal conduct on the part of Plaintiffs and because such statements were made by Defendants knowing they were false.

377.    Any reasonable person in Plaintiffs' shoes would find the false statements to be highly offensive and embarrassing because they imply that Plaintiffs are engaged in criminal conduct.

378.    Defendants' publications were made with reckless disregard for the truth of the statements and for the statements' offensiveness.

379.    The statements made by Defendants were misleading and false.

380.    The statements made by Defendants were published in a manner accessible and available to the general public.

381.    Plaintiffs have sustained damages as a result of Defendants' publications including, but not limited to, harmed reputation and harmed standing in the community.

382.    Defendants' statements result in third parties having misleading impressions about Plaintiffs.

WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' false light and any and all other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

Autotech Technologies, L.P. and Vikram Kumar, Plaintiffs

/s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com