IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>    Defendant. | NO. 3:20-cv-00064-RP-HCA<br><br><br>**DEFENDANT WALMART INC.'S MOTION TO COMPEL BILL BARKER'S COMPLIANCE WITH SUBPOENA** |

On January 26, 2023, Walmart served Plaintiff's accountant Bill Barker of Horan & Barker PC with a Subpoena to Testify At a Deposition in a Civil Action (hereinafter "Subpoena"). *See* Subpoena to Testify at a Deposition in a Civil Action attached hereto as "Exhibit A." Additionally, Mr. Barker was commanded to produce documents responsive to the Subpoena request and provide copies to Walmart prior to the scheduled deposition. The documents sought included "all documents and data reviewed or relied upon to prepare Ms. Raya Nshweiwat's federal and state tax returns for the years from 2014-present, and any returns for the same time period prepared for companies in which she had an ownership interest." *Id.* On February 9, 2023, Mr. Barker's attorney, Anish Parikh, sent a letter to counsel for Walmart invoking the accountant-client privilege and objecting to the Subpoena's scope. Walmart has sought to obtain the information and deposition requested in the Subpoena without this Court's intervention to no avail. In support of its Motion, Walmart states:

1.    Bill Barker is an accountant employed at Horan & Barker PC with a business address located at 2444 East Kimberly Road, Davenport, Iowa 52807.

1



2.      Mr. Barker served as Plaintiff Raya Nsheiwat's accountant. At the time of the incident, Plaintiff was an executive and sole owner of Electronic Manufacturing Services, LLC (EMS) and a consultant to Iowa EMS which purportedly was her source of income prior to the accident. According to Plaintiff, her economic losses, including lost benefits, resulting from her injury are either $900,000 to $2.9 million; or $7 million to $9 million. *See* pertinent excerpts from Reports of Ken Mathieu dated June 30, 2021 and October 29, 2021 and collectively attached hereto as "Exhibit B." Among the source material for these economic reports are Plaintiff's tax returns.

3.      Given Plaintiff's assertion of an extravagant business income loss, and her provision of some of the tax records purporting to demonstrate this loss, Walmart is entitled to the information sought in the Subpoena.

4.      Among the information missing from Plaintiff's expert reports (and financial disclosures) is any material related to the 30 plus employees Plaintiff purportedly trained and supervised, which was allegedly the reason she was entitled to such a generous compensation package. As explained by Plaintiff's economic expert:

> Beginning in January of 2015, Ms. Nsheiwat became the owner of Electronics Manufacturing Services, LLC ("EMS LLC") which employed **approximately 30 staff** and provided "electronic manufacturing services" **to AVG.** As the owner of EMS LLC she provided employees to staff AVG projects hiring and training many associates.

*See* "Exhibit B," October 29, 2021 report at p. 5 (emphasis added).  Plaintiff's expert also relied upon a statement from Plaintiff's business partner, Vikram Kumar, owner of AVG,  who represented that Plaintiff "has hired and trained most of our manufacturing employees in the company at our Bettendorf facility." *Id* at p. 4. Therefore, it appears as though Plaintiff's primary employment activity at the time of the accident was hiring, training and contracting employees to AVG, and that she is essentially acting as a staffing broker for AVG.

2

5. Suffice it to say that Walmart is extremely skeptical of the claim that Plaintiff was performing any real services at the time of the incident. The evidence produced so far suggests that Plaintiff's played a passive role; and simply was the nominal head of a shell company to shield AVG from potential liabilities, including tax, immigration, employment, and workplace practices violations.

6. Further, Plaintiff's economic claim is rife with conflicts of interest and self-serving witnesses, including Mr. Barker and his attorney, Anish Parikh, who also represented Plaintiff herself—pre-suit (and is not even licensed in the State of Iowa); and appears to have represented AVG in its negotiations with Plaintiff related to her EMS consulting agreement. *See* excerpt of Shalabh Kumar's Deposition, at pp. 21 attached hereto as "Exhibit C."

7. AVG (and EMS) are ultimately owned by the Kumar Family Trust of which Vikram and Shalabh Kumar are owners and beneficiaries. *See* "Exhibit C," at pp. 8-9. ("[B]ut you can say de facto Kumar family owns"). Vikram allegedly runs AVG but his father Shalabh, the founder of AVG, is Plaintiff's "attorney in fact" because she apparently does not speak English well and does not understand financial matters.[1] Adding to the conflicts is the fact that Shalabh was handling Plaintiff's financial and business affairs (with Anish Parikh) before and after the accident and therefore was involved in the negotiation of the various consulting agreements between EMS and AVG. *See* "Exhibit C," at p. 21. ("[H]e start to write the [EMS-AVG consulting] agreement with the attorney, Anish, and Vikram, and Raya.")

8. In what is likely the most obvious conflict of interest, as part of Plaintiff's economic damages, Vikram Kumar, as the CEO of AVG, terminated Plaintiff's consulting agreement, which termination was presumably reviewed and approved by Plaintiff through her attorney in fact

---

[1] Indeed, Shalabh Kumar now claims that he is her medical power of attorney as well.

3

Shalabh Kumar—even though he is also a beneficiary and owner of AVG through the Kumar family trust. *See* "Exhibit B," October 29 report at p. 6. Interestingly, the purported consulting agreement permits Plaintiff to retire and retain significant benefits from an alleged "patentable technique," but her "attorney in fact," Shalabh Kumar sent no response objecting to his son Vikram Kumar's termination letter. Instead, what appears to have happened is that Vikram and Shalabh Kumar have every incentive to terminate Plaintiff's consulting agreement and then use that purported termination of a passive employment relationship to extract money from Walmart, which would then be managed by Shalabh Kumar, as Plaintiff's attorney in fact.

9.    In order to prepare Plaintiff's (and EMS's) tax returns, her accountant, Mr. Barker, would have been required to review various IRS forms for the companies, including employees W-2s and 1099s, and review other business records and ledgers related to her employment brokerage activity.

10.    Walmart has requested these business and tax records directly from Plaintiff and EMS, but none such records have been provided through discovery. *See* Walmart's Request for Production of Documents Addressed to Plaintiff attached hereto as "Exhibit D."

11.    Because the provided tax returns, without the supporting material, actually provide no real information about her day-to-day responsibilities at EMS, and Plaintiff has refused to provide this information in discovery, Walmart naturally subpoenaed, Mr. Barker, the accountant who signed her tax returns. *See* "Exhibit A."

12.    On February 9, 2023, Mr. Barker's attorney, Anish Parikh,[2] responded to counsel for Walmart and advised that Mr. Barker would not be complying with the Subpoena. *See* Letter

---

[2] Again, although he writes this letter in his purported role as counsel for Mr. Barker's Iowa based accounting firm, Mr. Parikh previously represented the Plaintiff in this matter and represented multiple parties in the EMS-AVG consulting contract. *See* Letter from Anish Parikh, Esq to Ms.

4

from Anish Parikh, Esq to Patrick McDonnell, Esq, dated February 9, 2023, attached hereto as

"Exhibit E." Mr. Parikh informed counsel for Walmart that Mr. Barker was invoking the

accountant-client privilege as defined in the Internal Revenue Service Restructuring and Reform

Act of 1998. *Id.* According to Mr. Parikh, "that privilege holds that communications between a

taxpayer and tax practitioner are privileges to the extent those same communications would be

considered privileges as between a taxpayer and an attorney." *Id.* The very next sentence in Mr.

Parikh's letter recognizes that such privilege does not exist in the federal court context. However,

he argues (without citing to any legal precedent) that this privilege applies upon this Court's

jurisdiction over this matter through diversity jurisdiction and the applicability of Iowa law. *Id.*

According to Mr. Parikh, Iowa Code § 542.17 protects the information sought in the Subpoena.

13.     However, § 542.17 expressly permits disclosure during court proceedings. *See*

Iowa Code § 542.17 ("this section shall not be construed as . . . prohibiting disclosures in a court

proceeding . . . .").

14.     Further, the Eighth Circuit had addressed the issue of accountant-client privilege

with respect to Illinois, which has an accountant privilege, and explained that even where such

state privileges exist, they should be construed narrowly:

> "The Supreme Court has directed that courts must narrowly construe
> privileges, and statutes creating them, and must avoid suppressing probative
> evidence. See *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189, 107 L. Ed. 2d 571, 110 S.
> Ct. 577 (1990); *Baldrige v. Shapiro*, 455 U.S. 345, 360, 71 L. Ed. 2d 199, 102 S.
> Ct. 1103 (1982) (while privilege may be created by statute, privilege must be
> strictly construed to avoid construction that would suppress otherwise competent
> evidence).
>
> We conclude that a narrow construction of [IL statute related to
> confidentiality of CPA documents], read in conjunction with [IL statute defining

---

Shawn Welch CMI, dated February 11, 2019 and attached hereto as "Exhibit F." Mr. Parikh is not
licensed to practice law in the state of Iowa nor has he submitted a Motion for *Pro Hac Vice* in
this Court to permit him to practice in this case.

CPA practice as expressing opinions], mandates a distinction between protected accounting services involving opinions on financial statements and unprotected nonfinancial consulting services. Our decision is also guided by cases construing the attorney-client privilege, which suggest the accountant-client privilege must likewise have a limited scope. See, e.g., *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984) (attorney-client privilege applies only to confidential communications made to facilitate legal services, and does not apply where lawyer acts as conduit for client funds, scrivener, or business advisor); cf. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403 (8th Cir. 1987) (legal departments are not citadels where information may be placed to defeat discovery; business documents sent to corporate officers are not automatically privileged)."

*PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F. 3d. 813, 816 (8th Cir. 2002).

15.    Nonetheless, the Subpoena does not request any confidential work product and materials, or opinions, from Mr. Barker. For example, Walmart requests Plaintiff's tax returns and various federal filings and the documents provided for those purposes. The W2s and 1099s for EMS are likewise not confidential materials.

16.    Additionally, none of these documents are privileged even under the 1998 Tax Reform Act, 26 U.S.C. § 7525. *See United States v. Frederick*, 182 F.3d 496, 500, 502 (7th Cir. 1999) ("[I]nformation that a person furnishes the preparer of his tax return is furnished for the purpose of enabling the preparation of the return, not the preparation of a brief or an opinion letter . . . and therefore is not privileged . . . . Nothing in the new statute [26 U.S.C. § 7525] suggests that these nonlawyer practitioners are entitled to privilege when they are doing anything other than lawyers' work; and so the statute would not change our analysis.") *See also United States v. Willis*, 565 F. Supp. 1186, 1190 (S.D. Iowa 1983).

17.    Last, it is worth mentioning that privileges belong to the client, not the accountant; and it is unclear who is actually asserting this privilege, particularly since nearly everyone purportedly acting on Plaintiff's behalf is also representing AVG, EMS, and the accounting firm.

18.    Counsel for Walmart responded to Attorney Parikh's letter on February 13, 2023, which explained much of the foregoing points that the Subpoena seeks nonprivileged, relevant information and again requested that Mr. Barker's comply with the Subpoena. *See* Letter from Patrick McDonnell, Esq to Anish Parikh, Esq, dated February 13, 2023 attached hereto as "Exhibit G."

19.    Attorney Parikh did not respond.

20.    On February 15, 2023, counsel for Walmart again requested compliance with the Subpoena or it would file a discovery motion. *See* Letter from Patrick McDonnell, Esq to Anish Parikh, Esq, dated February 15, 2023 attached hereto as "Exhibit H."

21.    Attorney Parikh finally responded on February 15, 2023, and requested additional time to respond to counsel for Walmart's letter dated February 13, 2023. *See* email correspondence from Anish Parikh, Esq, to Patrick McDonnel, Esq, dated February 15, 2023 attached hereto as "Exhibit I."

22.    On February 28, 2023, counsel for Walmart again warned Attorney Parikh that it will file a discovery motion if Mr. Barker continued to not comply. *See* email correspondence from Patrick McDonnel, Esq, to Anish Parikh, Esq, dated February 28, 2023 attached hereto as "Exhibit J."

23.    Attorney Parikh finally responded on March 3, 2023 and again reiterated Mr. Barker's intent not to comply with the Subpoena and produce all nonprivileged, relevant documents included in the scope of the Subpoena. *See* email correspondence from Anish Parikh, Esq, to Patrick McDonnell, Esq, dated March 3, 2023 attached hereto as "Exhibit K."

24.    As Mr. Barker has not complied with the Subpoena to Walmart's detriment, this Court should grant this motion for sanctions and compel Mr. Barker's compliance, in full, with the

Subpoena. *See* Fed. R. Civ. P. 45(d)(1). *See also Enslein v. Di Mase*, 2018 U.S. Dist. LEXIS 176625, *4, 2018 WL 4997651 (W.D. Mo. Oct. 15, 2018) (costs awarded where accounting firm failed to comply with records requests and subpoena).

25.     Although this motion does not seek the appointment of a Guardian ad Litem for Plaintiff, it does raise the question as to who, if anybody, actually has capacity to object to this subpoena, which requests documents from an accounting firm who prepared tax returns for EMS and Plaintiff.

**WHEREFORE,** Walmart respectfully requests that the Court grant this Motion and order Bill Barker to comply with the Subpoena which requires he appear for a deposition and provide a full production of the documents requested in the Subpoena within 20 days of the date of the Court's order granting the Motion.

Dated: March 13, 2023                    Respectfully submitted,

                                         **LEDERER WESTON CRAIG PLC**

                                         By _____
                                         Benjamin M. Weston
                                         Alexandra C. Galbraith
                                         4401 Westown Parkway, Suite 212
                                         West Des Moines, IA  50266
                                         Phone: (515) 224-3911
                                         Fax: (515) 224-2698
                                         E-Mail:    bweston@lwclawyers.com
                                                    agalbraith@lwclawyers.com

                                         and

                                         **McDONNELL & ASSOCIATES, PC**

                                         By: */s/ Patrick McDonnell*
                                         Patrick McDonnell, Esquire
                                         Email: pmcdonnell@mcda-law.com
                                         Attorney ID:
                                         860 First Ave, Suite 5B
                                         King of Prussia, PA 19406
                                         Phone:     (610) 337-2087
                                         Fax: (610) 337-2575

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>        Defendant. | NO. 3:20-cv-00064-RP-HCA<br><br><br>**DEFENDANT WALMART INC.'S<br>MOTION TO COMPEL BILL<br>BARKER'S COMPLIANCE WITH<br>SUBPOENA** |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Davenport Division, using the ECF system which will send notification of such filing to the following:

Gary P. Hollander
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, IL  60611
email: ghollander@agdglaw.com

Candy K. Pastrnak
Pastrnak Law Firm, P.C.
313 West Third Street
Davenport, IA 52801
email: ckpastrnak@pastrnak.com

*ATTORNEYS FOR PLAINTIFF*

Dated:  March 13, 2023

**LEDERER WESTON CRAIG PLC**

By _Bweston_

Benjamin M. Weston
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-Mail:    bweston@lwclawyers.com

*ATTORNEYS FOR DEFENDANT*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>     Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>     Defendant. | NO. 3:20-cv-00064-RP-HCA |

## DECLARATION OF PATRICK J. MCDONNELL

I, Patrick J. McDonnell, declare as follows:

1.    I am an attorney with McDonnell & Associates, and an attorney for Defendant, Walmart, Inc., in the above-captioned matter. I am a member in good standing of the State Bar of Pennsylvania and New Jersey. I have been admitted pro hac vice to the United States District Court for the Southern District of Iowa. I make this declaration of my personal knowledge and review of our files in this case, and if called as a witness, I could and would testify completely thereto.

2.    I, along with my co-counsel in this case, have in good faith personally conferred with Plaintiff's counsel in an attempt to resolve or narrow by agreement the issues raised by Defendant Walmart Inc.'s Motion to Compel Bill Barker's Compliance with Subpoena, filed contemporaneously herewith.

3.    I have communicated with Plaintiff's counsel as follows:

    a.  On February 9, 2023, Mr. Barker's attorney, Anish Parikh, responded to the Subpoena to Bill Barker and advised Mr. Barker would not comply. Thereafter we exchanged emails to "meet and confer" related to the various issues that are

1

the subject of the motion without success. *See* "Exhibit E."

    b.  On February 13, 2023, I responded to Mr. Parikh's letter in an effort to seek Mr. Barker's compliance with the Subpoena. *See* "Exhibit G."

    c.  Mr. Parikh did not respond.

    d.  On February 15, 2023, I followed up with Mr. Parikh and again requested Mr. Barker's compliance with the Subpoena or else our office would be file a discovery motion. *See* "Exhibit H."

    e.  Mr. Parikh finally responded on February 15, 2023, and requested additional time to respond to my letter dated February 13, 2023. *See* Exhibit "I."

    f.  On February 28, 2023, after having received no response from Mr. Parikh, I communicated a final warning of my intent to file a discovery motion. *See* "Exhibit J."

    g.  On March 3, 2023, Mr. Parikh finally responded to my letters and reaffirmed that Mr. Barker would not comply with the Subpoena. *See* "Exhibit K."

4.    Despite these good faith attempts to resolve the pending discovery disputes without court involvement, we have been unable to reach an agreement.

5.    Specifically, we have been unable to reach an agreement regarding:

    a.  Mr. Barker's compliance with the Subpoena;

    b.  The relevancy of the Subpoena's scope; and

    c.  The applicability of the accountant-client privilege in regards to the Subpoena.

6.    I make this Declaration subject to the Laws of the United States and under the penalty of perjury.

MCDONNELL & ASSOCIATES, P.C.

Dated: March 13, 2023

By: */s/ Patrick J. McDonnell*
Patrick J. McDonnell, Esquire
860 First Ave Suite 5B
King of Prussia, PA 19406
Phone:    (610)  337-2087
E-Mail:  mkvetan@mcda-law.com
***ATTORNEYS FOR DEFENDANT***

# EXHIBIT

# A

**EXHIBIT A**

Law Offices Of

# McDONNELL & ASSOCIATES, P.C.

Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, Pennsylvania 19406
Telephone:  610-337-2087
Facsimile:   610-337-2575

**Patrick J. McDonnell, Esquire**                                     Katelyn M. Simpson, Paralegal
pmcdonnell@mcda-law.com                                           ksimpson@mcda-law.com
*Admitted in Pennsylvania and New Jersey*
*Certified by the Supreme Court of New Jersey*
*as a Civil Trial Attorney*

                                          January 26, 2023

***Via Process Server***
**Bill Barker**
**Horan & Barker PC**
2444 E Kimberly Rd,
Davenport, IA 52807

          Re:     **Raya Nsheiwat v. Walmart, INC.**
                  **USDC of Southern District of Iowa Case NO. 3:20-cv-00064-RP-HCA**

Dear Mr. Barker:

        This firm represents Defendant, Walmart, Inc., in the above-referenced lawsuit that is
pending in the United States District Court of Southern District of Iowa. Enclosed herewith
please find a Subpoena to Attend and Testify at a Deposition directed to you. Although your
appearance is tentatively required on **February 16, 2023 at 12:30 p.m. EST via the Zoom App.
we are willing to reschedule at the convenience of the witness or counsel.** The Subpoena also
requires you to bring documents to the deposition. In addition, please mail a copy of the
documents to the Law Offices of McDonnell & Associates, P.C., 860 First Avenue, Suite 5B,
King of Prussia, PA 19406, within twenty (20) days of receipt of this subpoena.

        Please see the Addendum attached to the Subpoena for a list of all requested documents.
If the subpoenaed date and time are inconvenient for you, please contact us and we will attempt
to make arrangements for your appearance at another time. Thank you very much for your
attention and assistance with this matter. Should you have any questions, kindly contact Katelyn
Simpson at (610) 337-2087.

                                  Very truly yours,
                                  **McDONNELL & ASSOCIATES, P.C.**


                                  **/s/ Katelyn M. Simpson**
                                  Katelyn M. Simpson, Paralegal to

Notice of Subpoena to Barker
Pg. 2

PJM/kms                                    Patrick J. McDonnell, Esquire
Enclosures
cc:    Gary P. Hollander, Esq. (via e-mail)
       Ben Weston, Esq. (via e-mail)

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Iowa  ▾

|  |  |
|---|---|
| RAYA NSHEIWAT, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| WALMART, INC., | ) |
| _Defendant_ | ) |

Civil Action No.    3:20-cv-00064-RP-HCA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
Bill Barker of Horan & Barker PC
To:        2444 E Kimberly Rd, Davenport, IA 52807

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Zoom | Date and Time: |
|---|---|
|  | February 16, 2023 12:30 PM EST. |

The deposition will be recorded by this method:    Videotaped via Zoom

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Full and complete copies of all documents and data reviewed or relied upon to prepare Ms. Raya Nshweiwat's federal and state tax returns for the years from 2014-present, and any returns for the same time period  prepared for companies in which she had an ownership interest. In addition, see attached addendum requesting corporate records and materials relevant to the preparation of such returns which should be provided.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/26/2023

CLERK OF COURT

OR

_____          /s/ Patrick J. McDonnell
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant Walmart, Inc.                                            , who issues or requests this subpoena, are:

Patrick J. McDonnell, Esq. 860 First Ave. Suite 5B King Of Prussia, PA 19406, pmcdonnell@mcda-law.com, 610-337-2087.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:20-cv-00064-RP-HCA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  BILL BARKER  ATTORNEY

on *(date)*  2-3-23  .

☒ I served the subpoena by delivering a copy to the named individual as follows:  HANd delivered

on *(date)*  2-13-23  ; or
12:10pm

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $ 26  for travel and $ 50  for services, for a total of $ 76 0.00

I declare under penalty of perjury that this information is true.

Date:  2-13-23

Tony  C.  Banks
*Server's signature*

TONY  C. BANKS  Process server
*Printed name and title*

P.O. Box 315  Milan  IL 61265
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM TO SUBPOENA

1. Please provide the following documents regarding "Iowa EMS":
   a. Business formation documents (i.e. Secretary of State filings, Articles of Incorporation; Certificate of Organization, etc.);
   b. Sales records from 2014 to present;
   c. State and federal income tax returns from 2014 to present;
   d. State and federal periodic reports from 2014 to present (i.e. annual / biennial reports, Form 10-K, 10-Q, 8-K, etc.);
   e. Profit and loss statements from 2014 to present;
   f. Balance sheets from 2014 to present;
   g. All financial reports from 2014 to present;
   h. Service agreements, contracts, correspondence, and all other documents related to AVG Automation from 2014 to present;
   i. Employment agreements, independent contractor agreements, vendor agreements, payroll documents, and employee rosters from 2014 to present;
   j. Summary or report of assets from 2014 to present including the identity of the asset, value, and acquisition/disposition dates;
   k. Summary or copies of business loans, lines of credit, and other outstanding accounts payable from 2014 to present;
   l. Summary or copies of outstanding accounts receivable from 2014 to present;
   m. Minutes of annual or periodic meetings from 2014 to present;
   n. Monthly bank statements from 2014 to present; and
   o. Business forecasts, pro formas, or financial performance summary documents from 2014 to present.
   p. Tax forms for any employees (W-2; W-4) and/or 1099 contractors from 2014 to the present.
   q. I-9 verification forms for all employees and/or contractors who were employed from 2014-present.

2. Please provide the following documents regarding "Electronic Manufacturing Services, LLC":
   a. Business formation documents (i.e. Secretary of State filings, Articles of Incorporation; Certificate of Organization, etc.);
   b. Sales records from 2014 to present;
   c. State and federal income tax returns from 2014 to present;
   d. State and federal periodic reports from 2014 to present (i.e. annual / biennial reports, Form 10-K, 10-Q, 8-K, etc.);
   e. Profit and loss statements from 2014 to present;
   f. Balance sheets from 2014 to present;
   g. All financial reports from 2014 to present;
   h. Service agreements, contracts, correspondence, and all other documents related to AVG Automation from 2014 to present;
   i. Employment agreements, independent contractor agreements, vendor agreements, payroll documents, and employee rosters from 2014 to present;
   j. Summary or report of assets from 2014 to present including the identity of the asset, value, and acquisition/disposition dates;
   k. Summary or copies of business loans, lines of credit, and other outstanding accounts payable from 2014 to present;
   l. Summary or copies of outstanding accounts receivable from 2014 to present;
   m. Minutes of annual or periodic meetings from 2014 to present;
   n. Monthly bank statements from 2014 to present; and
   o. Business forecasts, pro formas, or financial performance summary documents from 2014 to present.
   p. Tax forms for any employees (W-2; W-4) and/or 1099 contractors from 2014 to the present.

q. I-9 verification forms for all employees and/or contractors who were employed from 2014-present.

3.  Please provide all documents related to your service to AVG Automation from 2014 to present including but not limited to contracts, timecards, correspondence, emails, payments/wages, sales, commissions, hiring, disciplines, engagements, termination, training, marketing, benefits, expenses, reports, reviews, and taxes.