IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART, INC., <br><br> Defendant. | NO. 3:20-cv-00064-RP-HCA <br><br><br> **DEFENDANT WALMART INC.'S MOTION FOR SANCTIONS AND TO COMPEL DEPOSITIONS AND DISCOVERY COMPLIANCE** |

Defendant, Walmart, Inc. ("Walmart"), pursuant to Local Rule 37, submits the following Motion for Sanctions and to Compel Discovery Compliance.

## TABLE OF CONTENTS

I. RELEVANT PROCEDURAL HISTORY ................................................................. 1
   A. Plaintiff Has Refused to Continue the Plaintiff's Deposition ............................... 1
   B. Plaintiff's Refusal to Fully Answer Economic Damages Discovery .................... 3
   C. Plaintiff's Refusal to Sign HIPAA Authorizations or Provide Updated Medical Records 4
   D. Meet and Confer Efforts Have Failed .................................................................. 6
II. ARGUMENT ................................................................................................................ 7
   A.   Plaintiff's Refusal to Continue the Deposition Violates the Federal Rules of Civil Procedure. ........................................................................................................... 7
   B.   Plaintiff's Refusal to Provide Responses to Economic Damages Discovery ....... 9
   C.   Plaintiff Must Submit Proper HIPAA Authorizations or Prove Incapacity .......... 9
   D.   Relief is Warranted Under the Federal Rules of Civil Procedure ...................... 11
III. CONCLUSION ......................................................................................................... 12

## I. RELEVANT PROCEDURAL HISTORY

### A. Plaintiff Has Refused to Continue the Plaintiff's Deposition

On February 22, 2022, Walmart attempted to conduct the deposition of Plaintiff Raya Nsheiwat ("Plaintiff"). During the deposition, Plaintiff's counsel raised numerous objections, took breaks, and an interpreter was present, which effectively precluded any effort to obtain useful information, and substantially increased the time required. Following that tortured effort to depose

1



Plaintiff, Walmart attempted to schedule the continuation. For nearly a year, Plaintiff's counsel refused to produce her for the continued deposition based upon a pending unrelated discovery motion. The deposition is the subject of Walmart's prior motion to compel (ECF 72), which is still pending before this Court.

Concurrent with Walmart's motion to compel, Plaintiff filed a motion seeking to amend the deadlines for additional rebuttal time; and restrict the time for Plaintiff's continued deposition. Walmart responded to that motion and set forth in detail what occurred during the first deposition and the manner in which it was impeded.

On February 16, 2023, in connection with a scheduled case management conference, this Court held a teleconference where the pending motions were discussed. During that call, Walmart's counsel explained his position that given the logistical issues, including the need for an interpreter, an in-person deposition was required. In preliminary discussions, the Court appeared to agree that Plaintiff's deposition needed to continue in person, could be videotaped; and if needed, the interpreter could appear via Zoom. Although the Court did not issue a formal Order granting Walmart's motion to compel, in no small part because Plaintiff's counsel did not object to the deposition continuing along this line, this Court entered an Order, among other issues, that relaxed the time restrictions on Plaintiff's deposition. That Order states that Walmart may depose the Plaintiff for an additional seven hours, broken into two deposition sittings. (ECF 85). The Court's Order did not restrict Walmart to a Zoom deposition, nor is there a pressing COVID-19 crisis where a remote deposition is necessary.

Following that Order, Walmart attempted to schedule a deposition in accordance with the Court's preliminary telephone decision, which was an in-person deposition with the interpreter appearing via Zoom. In response, despite the Court's clear direction, Plaintiff's counsel objected to a live deposition and insists it take place via Zoom, in accordance with a purported agreement with Walmart's counsel, Ben Weston, Esquire, which was made at the tail end of the COVID-19 pandemic.

2

*See* correspondence from March 6, 2023 to March 8, 2023 between Plaintiff's counsel and counsel for Walmart. (**Exhibit A**). At the time of the conversation between Plaintiff's counsel and Mr. Weston, Plaintiff's counsel had neither refused to produce his client for a prompt continuation for over a year, nor insisted that an unrelated motion be resolved. Given that there is no compelling reason in March 2023 why a deposition should not take place in accordance with the normal Rule 30 practice, which is an in-person format, and the acknowledged language limitations, Walmart is requesting an Order compelling Plaintiff to appear for her deposition on April 18, 2023. *See* Notice of Deposition Directed to Plaintiff attached hereto as **Exhibit B**.

Presently, Plaintiff's counsel continues to refuse to produce the Plaintiff for the deposition as required by Federal Rule of Civil Procedure 30. This refusal has caused an inordinate delay in this matter and has prevented Walmart from adequately responding to Plaintiff's experts, including the extravagant economic claims.

### B. Plaintiff's Refusal to Fully Answer Economic Damages Discovery

Compounding the problem with the Plaintiff's deposition, Plaintiff (and her team of attorneys and attorney-in-fact) continue to refuse to answer reasonable interrogatories and document requests to substantiate the extravagant economic claims. These requests ask basic information about the businesses Plaintiff purportedly runs, according to her expert reports and IRS Individual Form 1040 Tax Returns, that generate such significant income.[1] On August 31, 2021, Walmart propounded Second Interrogatories and Second Request for Production upon Plaintiff. (**Exhibits C and D**) To date, Plaintiff has neither answered nor objected to the Second Requests for Documents. In response to Walmart's Second Set of Interrogatories, a preliminary statement indicates that her attorney in fact, Mr. Kumar "has handled all her legal and financial matters for the last thirty years and as of 2019 her

---

[1] For privacy reasons, Walmart has not attached Plaintiff's individual tax returns (Form 1040) to this motion, but they are available upon request.

3

medical matters also." (**Exhibit E** at p. 2 ¶5). Aside from providing vague responses and referencing her Plaintiff's personal tax returns, the responses provided no real detail about her day-to-day activities running the company or supervising and managing employees. In an alternate effort to obtain the requested information needed to assess Plaintiff's economic claims, Walmart issued a Subpoena to Testify at a Deposition to the Plaintiff. (**Exhibit F**). Conveniently, the attorney for the accountant, who previously represented the Plaintiff in this matter, has informed Walmart of the accountant's invocation of the accountant-client privilege and refuses to cooperate. After efforts to meet and confer regarding the scope of the subpoena, and the accountant-client privilege, Walmart was forced to file yet another motion to compel (ECF 86).

Walmart is entitled to the documents that support her alleged economic damages. Although Plaintiff claims that these records are forthcoming, she has been making that claim for months.

### C. Plaintiff's Refusal to Sign HIPAA Authorizations or Provide Updated Medical Records

Regarding the Plaintiff's medical claims, she has failed to provide Walmart with signed HIPPA Authorizations. Instead, the Plaintiff has sent authorizations signed by her attorney-in-fact, Shalabh Kumar.[2] One of her providers has already orally challenged the authorization signed by Mr. Kumar.

Walmart expects other providers to refuse to honor the HIPAA authorizations since they are not signed by the patient. Further, defense counsel is uncomfortable sending authorizations to medical providers that do not conform with any state or federal practice. Iowa does not recognize a medical power of attorney unless a health care provider certifies that the patient lacks capacity, which has not occurred. Iowa Code § 144B.1. ("if the principal is unable, in the judgment of the attending physician

---

[2] Due to privacy concerns, the authorizations provided to Walmart are not attached to this motion, but they are available upon request.

4

or attending physician assistant, to make health care decisions.") *See also* February 23, 2023 correspondence from counsel for Walmart to Plaintiff's counsel attached hereto as **Exhibit G**; February 28, 2023 correspondence from counsel for Walmart, Patrick McDonnell, to Plaintiff's counsel attached hereto as **Exhibit H**. Essentially, Plaintiff's counsel is asking that Walmart be complicit in what appears to be a misuse of a power of attorney and a HIPAA violation. Although Plaintiff's counsel has now indicated that Plaintiff herself will sign the authorizations, they have not been provided. **Exhibit I.**

The curious relationship between the Plaintiff and the Kumar family was previously addressed in Walmart's motion to compel (ECF 72). Based on information provided by the Plaintiff to date, Walmart's theory is that the Plaintiff's ownership of EMS and the other companies is nothing more than a shell extension of the Kumar family enterprise. In fact, during the depositions of the Kumars, Walmart uncovered that the Plaintiff performed technically demanding tasks with circuit boards for them. Why the Plaintiff is a sole member of a company when she has testified that she has no understanding of the actual financial affairs remains a mystery. Interestingly, in addition to having Walmart agree to take the deposition of Plaintiff via Zoom, Plaintiff's counsel also insists that one or both of the Kumars attend as her power of attorney, which seems unnecessary since she has licensed counsel to represent her. Obviously, Walmart's ability to probe into this potential relationship may be impeded if the Kumars are participating in the deposition.

Plaintiff counsel's refusal to have the Plaintiff sign valid HIPAA authorizations is but another example of the ongoing efforts to delay proceedings in this case. Moreover, it is an invalid attempt by the Plaintiff's team of attorneys and her attorney-in-fact to control the facets of this litigation, without having shown that the Plaintiff is in any way incapacitated. Walmart has voiced its concern to the Plaintiff's team and has offered alternatives to providing signed HIPAA authorizations such as producing Plaintiff's updated medical records, or proving her incapacity

5

through appointing Mr. Kumar as a Guardian Ad Litem in this litigation. Plaintiff's counsel continues to refuse to provide valid HIPAA authorizations despite being aware that the providers have begun to challenge the authorizations signed by Mr. Kumar.

### D. Meet and Confer Efforts Have Failed

On February 16, 2023, counsel had a teleconference to meet and confer about the concurrent motions to compel filed by the parties (ECF 71 and ECF 72), and the logistics of the Plaintiff's deposition. During the teleconference the Court voiced approval of Walmart's proposition to continue the deposition in person. As a result of that teleconference, this Court entered an Order (ECF 85) that required the deposition be continued *in person*. However, during the teleconference, the Court made an exception as to the interpreter, who may appear by Zoom. The parties were encouraged to work out further logistics, such as dates, amongst themselves. To date, the parties have been unable to agree on the logistics of the Plaintiff's deposition. Primarily, Plaintiff's counsel disagrees with producing the Plaintiff for an in-person deposition. *See* **Exhibit A.**

In addition to the disagreement over the logistics of Plaintiff's deposition, there were ongoing discussions between the parties to resolve the issues outlined above to no avail. *See* correspondence between the parties, spanning from March 6, 2023, to March 17, 2023, collectively attached hereto as **Exhibit J.** To date, Plaintiff has still not produced business records, updated medical records, nor valid HIPPA authorizations, and efforts to continue the Plaintiff's deposition are at a standstill. Walmart has sought to obtain the information it needs to defend this case without this Court's intervention to no avail. Due to the ongoing delay of proceedings, and the Plaintiff's refusal to comply with the Order (ECF 85), Walmart additionally seeks the imposition of sanctions.

## II. ARGUMENT

### A. Plaintiff's Refusal to Continue the Deposition Violates the Federal Rules of Civil Procedure.

The Eighth Circuit requires depositions to be taken pursuant to the Federal Rules of Civil Procedure as follows:

> Federal Rule of Civil Procedure 30(c)(2) governs the conduct of examinations by deposition: "An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Counsel may instruct a client deponent not to answer only in certain narrowly defined circumstances, including when necessary to preserve a privilege. Fed R. Civ. P. 30(c)(2). The advisory committee's comments explain that argumentative objections, suggestive objections, and directions to a deponent not to answer often disrupt, unduly prolong, and unfairly frustrate deposition testimony. The notes also explain that an excessive number of unnecessary objections may constitute actionable conduct, though the objections be not argumentative or suggestive. To deter such practices, Rule 30(d)(2) authorizes the district court to "impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party-on a person who impedes, delays, or frustrates the fair examination of the deponent."

*Craig v. St. Anthony's Med. Ctr.*, 384 Fed. Appx. 531, 532–33, 2010 U.S. App. LEXIS 14661, *3-4.

Here, there is a history of unwarranted conducted meant to impede, delay, and frustrate the deposition of the Plaintiff. The transcript of the attempt to depose the Plaintiff demonstrates conduct that violates the rules. The various objections, translations of questions and answers into and from Arabic, a lengthy break, and instructions not to answer, prevented Walmart from obtaining a substantive deposition. The conduct during the Plaintiff's deposition is the subject of Walmart's motion to compel (ECF 72) pending before this Court. This Court even acknowledged Plaintiff counsel's conduct in that deposition in its Order (ECF 85), which requires the completion of Plaintiff's deposition. The logistics of this deposition were discussed between the parties during the teleconference with the Court on February 16, 2023 and again between the parties. **Exhibits A and J.**

Still, Plaintiff's counsel refuses to work with Walmart to schedule Plaintiff's *in person* deposition, which is Defendant's right.

Rule 30(d)(2) of the Federal Rules of Civil Procedure permits this Court to impose sanctions on "a person who impedes, delays, or frustrates the fair examination of the deponent." Here, Plaintiff's counsel has continued to delay the continuation of Plaintiff's deposition for over a year. Initially, Plaintiff's counsel refused to continue the deposition based upon a meritless argument that certain objections raised in an earlier motion to compel be resolved before the deposition can proceed. The Eighth Circuit has upheld the imposition of sanctions for similar behavior. *Craig v. St. Anthony's Med. Ctr.*, 384 Fed. Appx. at 532–33. Then, even after the Plaintiff's motion to compel was finally addressed, Plaintiff's counsel continues to be uncooperative.

Walmart has attempted to meet and confer with Plaintiff's counsel regarding the issue, after it was addressed before this very Court during the teleconference on February 16, 2023. **Exhibits A and J**. Walmart understands that this issue will not be resolved absent this Court's intervention.

Mr. Kumar's presence at or in preparation for the deposition represents privilege concerns as well as the unauthorized practice of law. He is undoubtedly a witness in this case; and this Court has not appointed him guardian ad litem based upon a medical finding of incapacity. Plaintiff has licensed counsel, although the question of whether she was competent to execute a fee agreement is raised by Plaintiff's counsel's insistence that she lacks capacity and requires an Attorney in Fact to appear for depositions and execute discovery responses on her behalf. Before allowing Mr. Kumar to either participate, as Attorney in Fact, witness, or family advisor, this Court should make an inquiry. If she is incapacitated, then she lacks standing to sue, then the case needs to be brought by an authorized guardian on her behalf.

### B. Plaintiff's Refusal to Provide Responses to Economic Damages Discovery.

Consistent with Plaintiff's refusal to cooperate or participate in her deposition, Plaintiff has also refused to provide basic information about the companies she purportedly owns and manages. As set forth in Plaintiff's expert report, among the damages she is claiming are losses due to her inability to run a multi-million-dollar company with over thirty employees. She is apparently the sole member and owner of a company that generates nearly a million dollars a year in revenue with thirty employees. Although Plaintiff provided certain individual tax returns, the returns for the corporations she allegedly owns have not been provided. Walmart was forced to obtain the information from alternative sources, such as the Plaintiff's accountant. However, the accountant is refuses to comply with a subpoena, which is the subject of yet another motion to compel in this case (ECF 86). Although Walmart has attempted to obtain these records from other means, the Federal Rules require that Plaintiff provide certified responses to proper discovery; and there is no reason why defendant should be required to obtain essential documents and materials from third parties, particularly since she is claiming damages directly related to these business activities.

After reasonable efforts to meet and confer on the issue, no substantive documents have been produced to Walmart. Plaintiff has now agreed to produce these records (**Exhibit I**), but at this time, they have not been produced. Unfortunately, Plaintiff's counsel has made many representations about documents they intend to produce. Absent an Order, they are unlikely to comply.

### C. Plaintiff Must Submit Proper HIPAA Authorizations or Prove Incapacity

Plaintiff has revoked all medical authorizations in violation of Iowa Rules. Plaintiff initially signed those authorizations herself. Therefore, in addition to the relief discussed above, we are also requesting that she execute a new medical authorization. Plaintiff has produced authorizations signed by Mr. Kumar, her alleged attorney-in-fact. The general Iowa Power of Attorney statute, Iowa Code

§ 633B.103(2) specifically excludes medical powers of attorney. Durable powers of attorney for health care, Iowa Code § 144B.2, are separately covered. In Iowa, a "'Durable power of attorney' for health care means a document authorizing an attorney in fact to make health care decisions for the principal *if the principal is unable, in the judgment of the attending physician or attending physician assistant, to make health care decisions.*" Iowa Code § 144B.1. The approved form specifically only applies in the event of incapacity, as determined by a health care provider. Iowa Code § 144B.5 ("This power exists only when I am unable, in the judgment of my attending physician or attending physician assistant, to make those health care decisions.") While her discovery responses indicate that she appointed Mr. Kumar as her attorney-in-fact to handle all matters relating to this litigation, which may or may not be compliant with Iowa Code chapter 633B, Walmart has zero proof that Plaintiff executed a valid durable power of attorney for medical decisions or that a treating physician has certified that she is incapacitated.

Here, nothing has been produced to Walmart that proves Plaintiff appointed Mr. Kumar as her durable power of attorney for health care. Thus, Walmart requests valid HIPPA authorizations from the Plaintiff herself, which she provided before she revoked them. To avoid further delay, Walmart began to send the authorizations signed by Mr. Kumar to Plaintiff's providers, but there is a valid concern that sending these authorizations makes defense counsel complicit in a HIPAA violation. At least one provider has challenged the authorizations signed by Mr. Kumar. Given that there is no indication that the plaintiff is incapacitated, or that the power of attorney is valid, Walmart expects more providers to challenge the authorizations. Alternatively, Walmart communicated to Plaintiff that she can produce updated medical records.

In the event that a valid writing is produced to Walmart that evidences her incapacity, then Plaintiff's counsel will still need to file a motion for a Guardian Ad Litem in this Court. The Kumars clearly have ongoing financial interests in this case, as her employers, landlord, and business partners.

No Court has yet ruled on her alleged incapacity or investigated the circumstances of her alleged incapacity. She is purporting to sue on her own behalf in this case, and no guardian has been appointed.

### D. Relief is Warranted Under the Federal Rules of Civil Procedure

"Rule 30(d)(2) authorizes the district court to 'impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.'" *See Craig v. St. Anthony's Med. Ctr.*, 384 Fed. Appx. 531, 533. Plaintiff's demonstrated conduct has persisted for over a year and warrants sanctions. Walmart previously filed a motion to compel (ECF 72) seeking merely an Order compelling Plaintiff's full cooperation to sit for a deposition and answer discovery. Nearly two months after that motion was filed, the Plaintiff has yet to even schedule her deposition and answer discovery. Walmart indicated that Plaintiff's conduct warranted sanctions in its motion to compel, yet was willing to work with Plaintiff prior to requesting the imposition of sanctions. (ECF 72). *See also Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2016 U.S. Dist. LEXIS 197506, *16, 2016 WL 11641481 (N. D. IA 2016) (moving party did not seek sanctions for deposition misconduct, and merely requested an order compelling the deposition to go forward); *Pacific West Site Serv., Inc. v. Vesci*, No. 1:13-cv-036, 2015 U.S. Dist. LEXIS 58670, 2015 WL 2092495, at *4 (D. N.D. May 5, 2015) (collecting cases and imposing monetary sanctions when counsel unilaterally cancelled deposition with less than 24 hours' notice). At this point, Walmart is left no other choice but to seek sanctions.

Walmart also seeks an Order compelling Plaintiff to provide full and complete responses to Walmart's Second Set of Interrogatories and Second Set of Requests for Production, and to discontinue the practice of delaying the completion of reasonable discovery. As this Court has noted, a party "may be just as prejudiced by extended delays as by complete nondisclosure. " *Id.* Plaintiff is making extravagant economic claims following a slip and fall from a parking lot, which neither

required an ambulance or emergency room treatment. She drove herself home. Walmart is certainly entitled to full and complete responses to justify her purported $20 million claim. Moreover, Walmart is now expecting Plaintiff's medical providers to challenge the authorizations signed by the Plaintiff's alleged power of attorney. Plaintiff must provide valid authorizations to Walmart to avoid further delay or immediately prove that Mr. Kumar is indeed her power of attorney.

Walmart is therefore seeking the imposition of sanctions and an Order requiring full and complete responses to discovery related to her economic damages and valid HIPPA authorizations.

### III. CONCLUSION

Based upon the foregoing, Walmart respectfully requests an Order pursuant to Federal Rule of Procedure, Rule 37(a) as follows:

Plaintiff shall appear for seven hours of deposition **in person, over two sessions,** no later than thirty (30) days and all questions should be answered fully and completely and within an extended time period necessitated by her need for a translator, who can appear in person or via zoom;

During the deposition, Plaintiff's counsel shall refrain from excessive and inappropriate objections;

Plaintiff's counsel will not interfere with the translator, if such services are required for Plaintiff to fully and fairly participate in her deposition;

During the deposition, Plaintiff's counsel shall refrain from instructing the deponent to refuse to answer questions unless it directly implicates a privilege, or related to a Court Order limiting discovery;

If Plaintiff intends to have Mr. Kumar participate in the deposition due to any alleged incapacity, then a letter from a medical provider certifying her incapacity, should be produced; along with a Court Order appointing him Guardian. Otherwise, any conversations among or between

Plaintiff, Mr. Kumar, or counsel are not privileged and may be inquired into during the deposition, including the circumstances by which the power of attorney was created and authorized.

Plaintiff shall provide full and complete certified responses to the outstanding Second Set of Interrogatories and Document Requests;

Plaintiff shall execute any appropriate medical or business authorization if they are necessary for Defendant to obtain records from third parties;

Defendant shall have the right to supplement any expert discovery consistent with the delays caused by Plaintiff's refusal to complete a deposition and provided full and complete financial disclosure.

The imposition of monetary or evidentiary sanctions, including expenses and attorney's fees incurred by Walmart, or alternatively, the barring of Plaintiff's economic claims.

Respectfully submitted,

**LEDERER WESTON CRAIG PLC**

By /s/ B. Weston

Benjamin M. Weston
Alexandra C. Galbraith
4401 Westown Parkway, Suite 212
West Des Moines, IA 50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-Mail:   bweston@lwclawyers.com
                agalbraith@lwclawyers.com

**MCDONNELL & ASSOCIATES, P.C.**
By: */s/ Patrick J. McDonnell*
    Patrick J. McDonnell, Esquire
    860 First Ave Suite 5B
    King of Prussia, PA 19406
    Phone:  (610) 337-2087
    Fax:     (610) 337-2575
    E-Mail:  pmcdonnell@mcda-law.com

**MCDONNELL & ASSOCIATES, P.C.**

Dated:  March 23, 2023

By: */s/ J. Michael Kvetan*
    J. Michael. Kvetan, Esquire
    860 First Ave Suite 5B
    King of Prussia, PA 19406
    Phone:  (610) 337-2087
    Fax:     (610) 337-2575
    E-Mail:  mkvetan@mcda-law.com

*ATTORNEYS FOR DEFENDANT*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>Defendant. | NO. 3:20-cv-00064-RP-HCA<br><br>**DEFENDANT WALMART INC.'S MOTION FOR SANCTIONS AND TO COMPEL DEPOSITIONS AND DISCOVERY COMPLIANCE** |

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Davenport Division, using the ECF system which will send notification of such filing to the following:

Gary P. Hollander
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
E-mail: ghollander@agdglaw.com

Candy K. Pastrnak
Pastrnak Law Firm, P.C.
313 West Third Street
Davenport, IA 52801
E-mail: ckpastrnak@pastrnak.com
*ATTORNEYS FOR PLAINTIFF*

Dated: March 23, 2023

**LEDERER WESTON CRAIG PLC**

By /s/ BWeston

Benjamin M. Weston
4401 Westown Parkway, Suite 212
West Des Moines, IA 50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-Mail:   bweston@lwclawyers.com

*ATTORNEYS FOR DEFENDANT*

15