

# PARIKH LAW GROUP, LLC

150 S. Wacker Drive, Ste. 2600  
Chicago, Illinois 60606

P (312) 725-3476  
F (877) 876-9495

firm@plgfirm.com  
www.plgfirm.com

October 16, 2023

Mr. Patrick J. McDonnell  
McDonnell & Associates, P.C.  
Metropolitan Business Center  
860 1st Avenue, Suite 5B  
Kings of Prussia, Pennsylvania 19406  
Via Electronic Mail: pmcdonnell@mcda-law.com

Re: *Defamatory Libelous Conduct Against Shalabh Kumar, Vikram Kumar, and Autotech Technologies, LP*

Dear Mr. McDonnell:

Please be advised that this firm represents Mr. Shalabh Kumar ("Kumar"), Mr. Vikram Kumar ("Vikram") and Autotech Technologies, LP ("ATLP"). Please direct any and all communications regarding this matter to my attention. This correspondence is directed towards you in your personal capacity.

From your conversation with Attorney Casey Kannenberg, counsel for Raya Nsheiwat, we know that you are aware that Kumar is a public figure, one of the top leaders of 6 million Hindu Americans, and a serious candidate for US Ambassador to India. Further, Vikram is not only the President and CEO of ATLP, he also has a public profile as Chairman of National Indian American Public Policy Institute. ATLP is one of the oldest and most respected manufacturers of automation control products, with tens of thousands of customers.

### A. Actual Malice.

You have accused Kumar, Vikram and ATLP, in public filings and open court in the *Nsheiwat v. Walmart, Inc.* litigation, and among other places, of engaging in income tax fraud implying criminal conduct. You have accused Kumar of having an illicit relationship with Ms. Nsheiwat. This is outright and actionable defamation (both slander and libel), and was perpetrated with patent and obvious actual malice, which may be inferred from the statements themselves. As far as I am aware, you have yet to identify any evidence that would tend to support the truth of these statements.

Your remarks qualify as defamation *per* se. In the context of this kind of defamation, damages are often presumed in the law. *See, e.g.,* David A. Anderson, REPUTATION, COMPENSATION, AND PROOF, 25 WM. & MARY L. REV. 747, 776 (1984). Further, the majority of courts hold that the plaintiff need not prove pecuniary damages, sometimes called special damages, with what the law refers to as libel per se and slander *per se. See, Rodney R. Smolla*, THE LAW OF DEFAMATION §8.03[2][b](1992); *See also,* RESTATEMENT (SECOND) OF TORTS § 575 cmt. b



EXHIBIT D

(1977) ("Special harm ... is the loss of something having economic or pecuniary value."). Sections 569 and 570 clarify that the Restatement requires no proof of special damage for libel or slander per se. RESTATEMENT (SECOND) OF TORTS §§ 569, 570 (1977).

In addition, courts have treated defamation as a strict liability tort. ELDREDGE, *supra*, note 9, § 5, at 15; *see also,* Peck v. Tribune Co., 214 U.S. 185, 189 (1909) (quoting Lord Mansfield in Rex v. Woodfall, 98 Eng. Rep. 914, 916 (1774) ("Whatever a man publishes, he publishes at his peril.")). "The fact that courts applied strict liability illustrates the value society has placed on reputation in England and America." W. Page Keeton, DEFAMATION AND FREEDOM OF THE PRESS, 54 Tex. L. Rev. 1221, 1222 (1976)." Keeton, *Defamation & Freedom of the Press*, 54 Tex. L. Rev. 1221, 1222 (1976). *See also,* Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 105 S.Ct. 2939, 2947 n. 7, 86 L.Ed.2d 593 (1985) (plurality opinion) (presumption of damages does not violate First Amendment).

### B. No Immunity Applies

You cannot hide under the protection of litigation privilege as Kumar, Vikram and ATLP are not parties to the Nsheiwat litigation involving a simple slip and fall at Walmart store in Davenport, Iowa. Keeton, *supra, at* 1221, 1222 (1976). ("Conditional or qualified privileges have existed in a variety of settings *and evaporate upon a showing of malice*." [emphasis added]

While some attorneys enjoy limited, qualified immunity for statement on behalf of their clients in litigation, that immunity does not extend to attorneys in civil actions who gratuitously defame persons who are not parties to the litigation. You are not a government official and do not enjoy the judicial process immunity that has been recognized in Iowa.[1]

Your defamatory remarks against these non-parties clearly exceed the bounds of impeachment evidence (which your defamatory statements are not), and your own liability to my clients for defamation may also be imputed to Walmart, insofar as you were acting as Walmart's legal representative and agent at the time you made the offending statements. Your remarks, being targeted against non-litigant witnesses, are meant to be damaging, and you know very well they are false.[2] You are simply trying to deter these people from testifying on behalf of Ms. Nshiewat, which is prohibited under Iowa's Rules of Professional Responsibility.

You are engaged in obstruction of justice by trying to have Kumar and Vikram to alter their upcoming testimony under the threat of your statements implying libelous conduct.

---

[1] *See, e.g., Venckus v. City of Iowa City*, 930 N.W.2d 782 (Iowa 2019) (in case of first impression, adopting judicial process immunity for certain government officials in prosecution of criminal cases).

[2] The *Restatement (Second) of Torts* section 559 provides that any statement which "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him" defames that person. An action for defamation exists, in large part, to vindicate the blemish on the maligned individual's reputation.14 Courts have found all manner of comments actionable.

In case your memory of your defamatory and libelous conduct is hazy, below is simply a sampling of the false statements and misrepresentations you have made in public filings, open court and to third parties about Kumar, Vikram, and ATLP:

- You have suggested in open Court and open motions that Kumar has set up separate businesses to evade tax liabilities. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago.

- You have suggested in open Court and open motions that Kumar has set up separate businesses in order to employ people from outside the United States illegally.

- You have stated that Kumar, Vikram and ATLP, have set up a "shell company" to evade tax liabilities. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago. You have stated that Kumar, Vikram, and ATLP have hired fake people or people who are not legally authorized to work in the United States. This is blatantly false and you have provided no evidence of the same despite notice.

- You have stated that Kumar and Vikram have actively engaged in efforts to transfer liabilities to a purported shell company to shield them from tax, immigration and work place liabilities. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago.

- You have misrepresented that Vikram is Nsheiwat's business partner engaging in illegal and criminal activities. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago.

- You have stated that AVG and EMS, Plaintiff's company, are owned by the Kumar Family Trust of which Kumar and Vikram are owners and beneficiaries. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago.

- You have knowingly and falsely stated that Kumar and Nsheiwat are live-in mates. This is blatantly false and you have provided no evidence to the contrary despite notice to you four months ago.

These statements may be interpreted, as they were meant to, that if these parties testify for plaintiff in your case, you will cause them to be criminally liable. I assume you are sufficiently familiar with the prohibition against threating criminal action to gain an advantage in a civil action that I do not need to cite the law on this point.

The statements listed above are merely a few samples of the false defamatory and libelous statements and misrepresentations made about my clients to general public and third parties. Should this matter require my clients to file a formal complaint against you and perhaps against Walmart itself, the court in that case will certainly be presented with a more complete and thorough list of your defamatory and libelous conduct.

At this time, my clients are demanding the following:

1. You immediately cease and desist from making any false, defamatory and libelous statements about Kumar, Vikram, and/or ATLP or any of its related companies; and

2. Within five (5) days of receipt of this letter, you immediately cause to be sealed any and all documents wherein you reference defamatory and libelous statements about Kumar, Vikram, and/or ATLP or any of its related companies.

We are hopeful that you will take the content of this letter seriously requiring immediate attention. Should you fail to do the above simple acts, my clients have instructed our firm to proceed with the filing of a complaint seeking damages for defamation, including defamation per se and for libelous conduct with the appropriate court of law.

Sincerely,

/s/ Anish Parikh