**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| AUTOTECH TECHNOLOGIES, LP, an Illinois Limited Partnerships, and VIKRAM KUMAR, an Individual,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK J. MCDONNELL, an Individual, and MCDONNELL & ASSOCIATES, P.C., a Pennsylvania Professional Corporation, and WAL-MART, INC.,<br><br>*Defendants*. | CASE NUMBER: 3:25-CV-00025-RGE-HCA |

**REPLY BRIEF IN SUPPORT OF WALMART INC.'S MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..............................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................ii

    I.      The Privilege Applies Because the Statements Relate to
           Nsheiwat's Damages........................................................................................ 1

    II.     The Privilege Is Not Qualified, But Regardless, the Complaint
           Should Be Dismissed .................................................................................... 3

    III.    Certification to the Iowa Supreme Court Is Not Warranted ........................... 5

PROOF OF SERVICE .............................................................................................................. 7

i

## TABLE OF AUTHORITIES

### **CASES**

*Allen v. Dimeo*,
    2007 WL 1576397 (Utah Ct. App. 2007) ................................................................... 3

*Anderson v. Hartley*,
    270 N.W. 460 (Iowa 1936) ....................................................................................... 3

*Asay v. Hallmark Cards, Inc.*,
    594 F.2d 692 (8th Cir. 1979) .................................................................................... 2

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)..................................................................................................... 4

*Couser v. Shelby Cnty.*,
    2023 WL 8375677 (S.D. Iowa July 27, 2023)........................................................... 5

*Crockett v. McLanahan*,
    72 S.W. 950 (Tenn. 1903)........................................................................................... 3

*Kennedy v. Zimmermann*,
    601 N.W.2d 61 (Iowa 1999) ................................................................................... 3, 4

*Moe v. Grinnell Coll.*,
    2020 WL 12618872 (S.D. Iowa Dec. 15, 2020) ........................................................ 5

*Salier v. Walmart, Inc.*,
    76 F. 4th 796 (8th Cir. 2023) ..................................................................................... 5

*Surace v. Wuliger*,
    495 N.E.2d 939 (Ohio 1986) ..................................................................................... 3

### **OTHER AUTHORITIES**

Restatement (Second) of Torts § 586.............................................................................. 3

Restatement (Second) of Torts § 586 cmt. c................................................................... 3

The statements at issue in this case, made in the course of litigation in support of arguments relevant to Raya Nsheiwat's claim for lost income damages, are protected by the absolute litigation privilege. Plaintiffs' claims are thus foreclosed. Plaintiffs attempt to evade that straightforward showing by arguing, principally, that the statements were about their conduct, not that of Nsheiwat. But as the Complaint itself alleges, the statements concerned the relationship through which Nsheiwat obtained her income. Plaintiffs are simply wrong that the absolute privilege is confined to statements about parties. The Iowa Supreme Court rejected that argument almost a century ago, and Plaintiffs have not cited a single case adopting their contrary rule. There is no reason to certify to the Iowa Supreme Court a question answered by settled law. The motion should be granted.

## I.     The Privilege Applies Because the Statements Relate to Nsheiwat's Damages

Plaintiffs acknowledge that the privilege covers statements "related to" the proceeding, which only requires "some relation" to it or "some reference to the subject matter." Resp. 6–7 (citations omitted). Their suggestion that the statements must have a "clear decisive relevance to the matter" contradicts their own summary of the rule and has no basis in Iowa law. *Id.* at 6 n.3.

Plaintiffs' own description of the statements confirms that they are related to *Nsheiwat*. They say the alleged defamation concerned contentions relating to a "corrupt relationship" with Nsheiwat's company EMS. *Id.* at 2. And they claim their "business relationship" was "related to" the personal injury case because Nsheiwat put at issue whether "profits [she] had generated through that business relationship" "would be unavailable to her" due to her injury. *Id.* This is dispositive.

Plaintiffs concede that Walmart was "entitled to raise questions regarding how and why Nsheiwat and her affiliated companies were earning income," *id.* at 8.  But this is exactly what the challenged statements concern. The trial court in that case specifically granted Walmart's request for discovery about the relationship between Nsheiwat and Plaintiffs based on its finding that this

1

relationship did bear on the case, and it consequently ordered the production of ATLP "documents that relate or refer to Nsheiwat and or her services." *Nsheiwat*, Dkt. 145, at 6–7.

Plaintiffs argue that the statements were only about their independent misconduct, not their relationship with Nsheiwat. But as alleged in the Complaint, each statement directly related to the legitimacy of the relationship with Nsheiwat: how EMS served as a "shell" to shield ATLP and Kumar from liabilities for tax, immigration, or workplace safety violations. *See* Mot. to Dismiss 12–13 & n.3. Tellingly, Plaintiffs do not quote any statement that "accused [them] of engaging in specific illegal conduct in their internal affairs . . . *not involving Nsheiwat*," Resp. 9 (emphasis omitted). Nor was Kumar's connection to *Nsheiwat* "remote," *id.* at 2—he was ATLP's CEO, relied on by Nsheiwat's expert, Compl. Ex. A, Dkt. 1-1, at 2, and along with Shalabh Kumar, ATLP's founder, Compl. ¶ 40, he was set to testify on damages, *Nsheiwat*, Dkt. 347, at 123, 125.

This case is nothing like Plaintiffs' principal authority, *Asay v. Hallmark Cards, Inc.* The statements there concerning antitrust and campaign violations had nothing to do with the wrongful termination claim at issue. 594 F.2d 692, 699 (8th Cir. 1979). Moreover, the statements in *Asay* were sent to the media and third parties, not made only in filings and open court as here. *Id.* at 699.

Plaintiffs also cite the court's decision limiting a subpoena to Nsheiwat's accountant, Resp. 5, 8, but that ruling does not bear on whether the statements were related to the proceeding for purposes of the privilege. That the court did not order production of certain employee tax and I-9 forms, or considered those forms "tangential" to damages, Dkt. 145, at 7, does not mean that statements about how Plaintiffs used EMS as a shell to shield them from liabilities lacked "some reference to the subject matter." Resp. 7 (citation omitted). It is also immaterial that the court said it found "unsupported speculations distracting and unhelpful," or did not ultimately rely on the statements. Dkt. 145, at 9. Plaintiffs do not dispute that the privilege applies with full force to

2

statements made in the course of litigation regardless of whether they are "unwarranted inference[s] from the evidence" or made in questions the court directs a witness "not to answer." Restatement (Second) of Torts § 586 cmt. c. What matters is whether the statements had some relation to the proceeding, which they did. A contrary rule would vitiate the privilege, since plaintiffs in defamation actions *always* assert that the statements were unwarranted.

## II.   The Privilege Is Not Qualified, But Regardless, the Complaint Should Be Dismissed

Plaintiffs' novel theory that only a qualified privilege applies to statements about non-parties is foreclosed by the Iowa Supreme Court's decision in *Anderson v. Hartley*, which held that a statement "in reference to a person not a party to the suit" is absolutely privileged. 270 N.W. 460, 462 (1936). Nothing in *Anderson* limits this rule to statements about "the spouse of the plaintiff," as Plaintiffs suggest. Resp. 15. Like *Anderson*, the Restatement provides that an attorney "is absolutely privileged to publish defamatory matter concerning *another*," not just a party. *Kennedy v. Zimmermann*, 601 N.W.2d 61, 64 (Iowa 1999) (emphasis added) (quoting Restatement (Second) of Torts § 586 (1977)). Iowa courts have *never* cast doubt on any of this.

Plaintiffs do not cite a single case adopting their theory. This is because courts have uniformly rejected Plaintiffs' argument since at least 1903. *Crockett v. McLanahan*, 72 S.W. 950, 953 (Tenn. 1903); *see*, *e.g.*, *Surace v. Wuliger*, 495 N.E.2d 939, 943 (Ohio 1986) (collecting cases from Illinois, New York, and Rhode Island). It is irrelevant that some states may have entirely different exceptions to the privilege, and the only state Plaintiffs identify with such an exception, Utah, has also rejected their rule. *Allen v. Dimeo*, 2007 WL 1576397, at *2 (Utah Ct. App. 2007).

Plaintiffs' only purported justification—that a non-party cannot "pursue a remedy" in the underlying litigation, Resp. 12—is meritless. The absolute privilege secures "attorneys, as officers of the court, the utmost freedom" to zealously advocate because the court exercises "supervision and control" over them—not because a party can obtain a remedy to substitute for a defamation

3

action. *Kennedy*, 601 N.W.2d at 64–65 (citation omitted). District courts have full control over statements about non-parties. They have power on their own motion to impose "sanction[s]" or "discipline attorneys," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991), and they have authority under Rule 11 to *sua sponte* sanction parties and attorneys. Parties and counsel are also subject to contempt proceedings, not to mention criminal penalties for false swearing and perjury.

In any event, non-parties such as Plaintiffs do not "lack[] recourse . . . to protect their reputation." Resp. 12. They could, for example, have sought to remove these statements "from the public record" by sealing them. *Id.* at 12; *see also id.* at 14. Nothing stopped them from filing a brief to advise the court of any conduct they claimed was sanctionable. This case illustrates that. The supposed misconduct here actually *was* presented to, and addressed by, the trial court. Stephen Fieweger, who represents Plaintiffs, argued on behalf of EMS that the statements were "slanderous." *Nsheiwat*, Dkt. 120, at 6. Nsheiwat claimed the statements were "false and malicious" and asked the court to order Walmart to produce its evidence. Compl. Ex. C, Dkt. 1-3, at 3, 7–8. Shalabh Kumar purported to act as Nsheiwat's "legal and medical agent and proxy," Dkt. 197, at 1. The Kumars were Plaintiffs' witnesses. Compl. ¶ 41. Any interest Plaintiffs have in their "reputation" was fully protected, "not forgotten." *Kennedy*, 601 N.W.2d at 65.

A qualified privilege for statements about non-parties would eviscerate the truth-seeking and dispute-resolution functions of courts. All statements related to a case that concern potential witnesses could lead to further litigation. It would upend the balance long struck in this State if a party's right to defend against a claim could be chilled by potential liability merely because its defense implicates a non-party. The cost of litigating whether statements about a non-party were made "recklessly" would, in many instances, dissuade zealous advocates from speaking at all.

The Complaint should be dismissed because it does not plausibly plead that the statements

were made with knowing or reckless disregard of the truth. That Plaintiffs had not been investigated for or accused of misconduct does not mean that counsel acted recklessly. Compl. ¶¶ 38–40. Nor does the fact that Kumar was ATLP's CEO or that ATLP and EMS had a contract mean that counsel recklessly said that EMS was a shell. *Id.* ¶ 49. Finally, that Nsheiwat produced her federal payroll taxes does not mean she showed counsel that she paid all taxes for all employees of ATLP that worked at EMS, or that she only employed lawfully present employees. *Id.* ¶ 46.

## III.    Certification to the Iowa Supreme Court Is Not Warranted

Plaintiffs do not come close to justifying certification to the Iowa Supreme Court. Relevant considerations here include "the novelty of the question and unsettled nature of state law," "guidance available from state courts," and "the possibility of delay and resulting prejudice." *Moe v. Grinnell Coll.*, 2020 WL 12618872, at \*4 (S.D. Iowa Dec. 15, 2020) (Ebinger, J.) (citation omitted). Whether the absolute privilege applies to statements about non-parties is neither novel nor unsettled. It has been answered by binding Iowa precedent for nearly a century. Subsequent Iowa decisions, as well as the Restatement, have all been consistent with *Anderson*. Every other court since 1903 has reached the same conclusion. Plaintiffs do not point to *any* decision of *any* Iowa court, let alone the Supreme Court, that has called existing Iowa law into question, or even a single case from any other court coming out their way. "[A]bsent a close question and lack of state sources enabling a nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it." *Salier v. Walmart, Inc.*, 76 F. 4th 796, 804 (8th Cir. 2023) (citation omitted). This Court should simply follow settled Iowa law.

Certification would only result in delay. *See Couser v. Shelby Cnty.*, 2023 WL 8375677, at \*2 (S.D. Iowa July 27, 2023) (predicting delay of at least a year). And Plaintiffs "*chose* to file this action in federal court, intentionally forgoing a state court action." *Salier*, 76 F. 4th at 804. The Court should deny Plaintiffs' request for certification.

Dated: September 19, 2025                    SUSMAN GODFREY L.L.P.

By: */s/ Robert Rivera, Jr.*
Robert Rivera, Jr. (*pro hac vice*)
Kelley M. Keller (*pro hac vice*)
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
rrivera@susmangodfrey.com
kkeller@susmangodfrey.com

Jason Bell (*pro hac vice*)
SUSMAN GODFREY, LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
jbell@susmangodfrey.com

Kerrie M. Murphy, AT0005576
MWH LAW GROUP LLP
4350 Westown Parkway, Suite 120
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
kerrie.murphy@mwhlawgroup.com


*Attorneys for Walmart Inc.*

6

**PROOF OF SERVICE**

I hereby certify that on September 19, 2025, I electronically filed the foregoing with the

Clerk of the Court using the electronic document management/electronic filing systems, which

will send notification of such filing to the following:

Stephen T. Fieweger
STEPHEN T. FIEWEGER, P.C.
5157 Utica Ridge Road
Davenport, IA 52807
Telephone: (563) 424-1982
Facsimile: (563) 424-1983
E-mail: sfieweger@fiewegerlaw.com

Alan S. Lewis
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, NY 10005
Telephone: (917) 533-2524
Facsimile: (212) 732-3232
E-mail: lewis@clm.com

Madelyn Kempner White
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, NY 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
E-mail: white@clm.com


*Attorneys for Plaintiffs*


*/s/ Robert Rivera, Jr.*
Robert Rivera, Jr.